UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DIANE E. BAKER**
    Plaintiff(s),                                                 CASE NO.: 2:24-cv-00736
                                                                                 JUDGE:
    vs.

**BARCLAYS BANK DELAWARE;**
**EQUIFAX INFORMATION SERVICES, LLC;**
**EXPERIAN INFORMATION SOLUTIONS, INC.;**
**AND TRANSUNION, LLC ;**
    Defendant(s).
_____/

**COMPLAINT AND REQUEST FOR JURY TRIAL**

**COMES NOW**, the Plaintiff, **DIANE E. BAKER**, by and through the undersigned attorney, and files this Complaint against Defendants, **BARCLAYS BANK DELAWARE ("Barclays")**, **EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"),** and **TRANSUNION, LLC ("TransUnion")**.

**JURISDICTION AND PARTIES**

1. Plaintiff is a natural person who is a resident of the State of Florida and the Middle District of Florida. This action seeks redress for the unlawful practices committed by the Defendant, Barclays with its efforts to collect a consumer debt from the Plaintiff. In addition, Plaintiff seeks monetary, declaratory and injunctive relief against all Defendants based on violations of the  the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. § 1681 *et seq;* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*.

1

2. On information and belief, Defendant, Barclays Bank Delaware (a subsidiary of Barclays Bank, PLC) is a banking institution with its principal place of business in Wilmington Delaware. Barclays is licensed and engaged in business throughout the State of Florida. This Defendant may be served through its registered agent for service of process, Barclays Bank Delaware, Attn: Subpoena Processing, 125 S. West Street, Wilmington, DE 19801.

3. Defendant, Equifax, is a Georgia Corporation and credit reporting agency that regularly conducts business in the State of Florida. Equifax may be served with process by service upon its corporate office located at 1550 Peachtree Street, N.W., Atlanta, GA 30309.

4. Defendant, Experian, is an Ohio corporation and credit reporting agency doing business in the State of Florida. Experian may be served through its registered agent for service of process, CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

5. Defendant, TransUnion, LLC, is an Illinois Corporation and credit reporting agency that regularly conducts business in the State of Florida. TransUnion, LLC may be served with process by service upon its duly appointed agent for service, Prentice Hall Corporation System, Inc., 1201 Hays Street, Tallahassee, FL 32301.

6. This Court has subject matter jurisdiction over this action pursuant to *28 U.S.C. § 1331* because the Plaintiff's claims arise under the Fair Credit Reporting Act (FCRA), codified as *15 U.S.C. § 1681 et seq.*

7. Equifax, Experian and TransUnion are businesses which operate to provide business entities with credit information about prospective and current customers with regard to their credit ratings, and their actions are regulated in part by the Fair Credit Report Act, 15 U.S.C. § 1681 et seq. (the "FCRA"). Pursuant to the FCRA, the Defendants must follow

procedures which assure that the reports they sell meet the standard of "maximum possible accuracy". *15 U.S.C. § 1681e(b)*.

8. Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of Florida and this suit arises out of their specific conduct with Plaintiff in Florida.

9. This Court has supplemental jurisdiction to hear all state law claims pursuant to *Section 1367 of Title 28* of the United States Code.

10. Venue in this action is proper insofar as the Plaintiff lives in this judicial district, the events took place in this judicial district, and the Defendants do business in this judicial district.

11. All conduct of the Defendants alleged herein by the Plaintiffs was authorized, approved and/or ratified by one or more officers, directors, or managers of the Defendants, and/or knew in advance that the Defendants were likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent and malice.

## GENERAL ALLEGATIONS AND FACTS

12. Plaintiff is informed and believes and on that basis alleges that Barclays was engaged in the practice of assembling, submitting and communicating consumer credit information on consumers to credit reporting agencies such as Experian, Equifax and TransUnion for purposes of furnishing consumer reports to third parties in exchange for monetary fees.

13. Plaintiff is informed and believes and on that basis alleges that Barclays furnished

to Equifax, Experian and TransUnion credit information that it knew or should have known to be false regarding an alleged debt owed by Plaintiff to Barclays Bank.

14. Equifax, Experian and TransUnion are businesses which operate to provide business entities with credit information about prospective and current customers with regard to their credit ratings, and their actions are regulated in part by the *Fair Credit Report Act, 15 U.S.C. § 1681 et seq.* (the "FCRA"). Pursuant to the FCRA, the Defendants must follow procedures which assure that the reports they sell meet the standard of "maximum possible accuracy". *15 U.S.C. § 1681e(b)*.

15. Plaintiff has and continues to have an open credit card account xx3054 with Defendant, Barclays.

16. On or about March 3, 2023 through April 7, 2023, approximately $53,000.00 in fraudulent charges were made on the Defendant's xx3054 Barclays Mastercard. All such charges were international phone calls made to Spirit Airlines from Miramar, Florida. Barclays never informed the Plaintiff of these charges or issued a fraud alert.

17. On March 14, 2023 Plaintiff became aware of these charges, and she immediately informed Barclays that she did not incur these charges, and that they were fraudulent. Barclays initially did not dispute the fraudulent activity and communicated to the Plaintiff that the charges would be removed immediately and that the changes would not be reflected on subsequent statements. In addition, they would begin a fraud investigation as to the charges. The Plaintiff's March credit card statement reflects the fraudulent charges and the provisional credits received from Barclays. A copy of the Barclays March Credit Card Statement along with a posted transaction history is attached hereto and incorporated as Exhibit "A".

18. Although the Plaintiff had informed Barclays of the fraudulent charges being incurred to Spirit Airlines, Barclays did not close the account, and continued to allow the fraudulent telephone charges to incur. In addition, while these charges were being made, they failed to issue any fraud alerts to the Plaintiff.

19. On June 2, 2023, Barclays sent correspondence to Plaintiff informing her that the fraud investigation had concluded, and that they determined that the charges on the account were valid. The Defendant claimed that since the transactions were valid, the credits to her account would be reversed and placed back on her account. A copy of this correspondence from Barclays is attached hereto and incorporated as Exhibit "B". Plaintiff immediately contacted Barclays to again inform them that these charges were fraudulent.

20. Shortly thereafter in June of 2023, Defendant Barclays sent the Plaintiff a statement showing the additional fraudulent charges. The statement also shows that Barclays had credited and removed only a portion of these charges. A copy of this statement is attached hereto and incorporated as Exhibit "C". Plaintiff immediately contacted Barclays to dispute the remaining charges.

21. On June 13, 2023, Barclays sent correspondence to Plaintiff informing her that the fraud investigation had again concluded, and that they determined that the charges on the account were valid. The Defendant claimed that since the transactions were valid, the credits would be reversed and placed back on her account. A copy of this correspondence from Barclays is attached hereto and incorporated as Exhibit "D". Plaintiff immediately contacted Barclays to inform them that these charges were fraudulent.

22. On July 10, 2023, Barclays sent correspondence to Plaintiff informing her that the

fraud investigation had again concluded and that they determined that the activity was valid. The Defendant claimed that since the transactions were valid, the credits would be reversed and placed back on her account. A copy of this correspondence from Barclays is attached hereto and incorporated as Exhibit "E". Plaintiff immediately contacted Barclays to inform them that these charges were fraudulent.

23. On September 6, 2023, Defendant Barclays sent correspondence to Plaintiff informing her that the fraud investigation had again concluded and that they determined that the credit card charges were valid. The Defendant claimed that since the transactions were valid, the credits would be reversed and placed back on her account. A copy of this correspondence from Barclays is attached hereto and incorporated as Exhibit "F". Plaintiff immediately contacted Barclays to inform them that these charges were fraudulent.

24. All $53,000.00 in fraudulent charges made on the Plaintiff's Barclays credit card account were made to the exact same vendor from a location where the Plaintiff has never resided. The Plaintiff is eighty years old, and has never made similar transactions. These are obvious and gross irregularities, and there is no justification and no basis for Barclays to have only removed a portion of the charges. Barclays knew or should have known that all these charges are fraudulent, and were not owed by the Plaintiff.

25. Barclays did not remove the debt as required after notification of the falsity of the debt or otherwise investigate the accuracy of the debt as required by the FCRA and FCCPA.

26. Since March of 2023, Barclays has refused to remove most of the above charges and has sent monthly account statements stating the incorrect amount due. All such statements included a tear-off payment coupon which stated an incorrect total amount due and further stated

that an additional late charge would be assessed if payment was not received timely. To date, these charges are still reflected on the Plaintiff's Barclays credit card statement.

27. On or around March of 2023, Barclays began reporting to Equifax, Experian and TransUnion the incorrect debt owed to Barclays. Plaintiff is informed and believes, and on that basis, alleges that the furnishing of this false information to Equifax, Experian and TransUnion immediately resulted in an adverse effect to Plaintiff's credit worthiness.

28. Upon discovering the false information on her credit reports as published by Equifax, Experian and TransUnion, Plaintiff contacted the Defendants to dispute the claim.

29. Once the Plaintiff became aware that the Equifax, Experian and TransUnion credit reports contained various inaccuracies and untruthful statements regarding matters being reported by Barclays, Plaintiff made demands for verification of the disputed account, along with demands that the disputed information be removed from the credit files regarding the Plaintiff. Confirmation that Equifax, Experian, and Transunion received the Plaintiff's dispute is attached attached hereto and incorporated as Exhibit "G"

30. Equifax, Experian and TransUnion have refused to investigate or delete the information and continue to publish the false credit information. A copy of the Plaintiff's November 2023 Credit Report which is based on information published by Equifax, Experian and TransUnion is attached hereto and incorporated as Exhibit "H".

31. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the Defendants.

**COUNT I**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT AS TO ALL DEFENDANTS**
*Section 15 U.S.C. § 1581 et seq.*

32. The Plaintiff realleges and incorporates paragraphs 1 through 31, as if fully set forth herein.

33. Barclays knew or should have known that it was furnishing incorrect information to credit reporting agencies.

34. Barclays knew or should have known that such information would be included in credit reports compiled and provided to and considered by third parties in connection with determinations regarding Plaintiff's creditworthiness and capacity. In submitting such information regarding the Plaintiff to credit reporting agencies and prior to doing so, Barclays had a duty to investigate the origin, accuracy, and validity of the debt.

35. In failing to comply with the FCRA in the manner described above, Barclays did negligently and/or wilfully (a) submit the debt to credit reporting agencies when it knew or should have known that the debt had been disputed by the Plaintiff; (b) failed to investigate or delete inaccurate information in violation of *15 U.S.C. § 1681 s-2*; (c) knew or should have known that the information it submitted was false; and (d) furnished a subsequent report to credit reporting agencies containing unverified and adverse information regarding the Plaintiff in violation of *15 U.S.C. § 1681 s-2*.

36. Equifax, Experian and TransUnion violated their duty to properly demand verification from Barclays, as required by the Fair Credit Reporting Act, *15 U.S.C. §1681 et seq*. (the "FCRA"), and then failed in their duty to remove the erroneous items from the Plaintiff's credit reports.

37. In making the above mentioned consumer credit reports, Equifax, Experian and TransUnion knew the debt to be fraudulent because the Plaintiff had previously notified them

and sent supporting documentation. The Defendants acted in violation of the FCRA when they reported the alleged debt of the Plaintiff, purportedly owed to Barclays, even though the alleged incurrence of such debt was shown to be false. In doing so, the Defendants violated the FCRA in that each Defendant, respectively, failed to maintain reasonable procedures to avoid reporting and including incorrect information in the consumer credit report, in violation of *15 U.S.C. §1681e(b)*.

38. In failing to comply with the FCRA in the manner described above, Equifax, Experian and TransUnion did negligently and/or willfully (a) include information regarding Barclays debt submitted by Barclay's when it had previously been disputed by the Plaintiff without making any reinvestigation or including any explanation by the Plaintiff; (b) failed to investigate or delete inaccurate information in violation of FCRA; (c) failed to note a dispute regarding the information in its file in connection with the Barclays debt in violation of the FCRA; (d) furnished subsequent reports regarding the Plaintiff which contained unverified adverse information in violation of the FCRA; (e) failed to reinvestigate the inclusion of the debt as required by FCRA after the Plaintiff had informed them that the debt was fraudulent in origin.

39. The Plaintiff is informed and on that basis alleges that the Defendants did knowingly or should have known that the above stated acts were improper.

40. The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to the Plaintiff that are outlined more fully above and, as a result, the Defendants are liable to the Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief permitted by law.

41. Pursuant to *15 U.S.C. § 1681n* and *15 U.S.C. §1681o*, the Defendants are liable to the Plaintiff for wilfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of the Plaintiffs' credit report, information and file.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO BARCLAYS US ONLY
*Section 559.72, et set.*

42. The Plaintiff realleges and incorporates paragraphs 1 through 31, as if fully set forth herein.

43. The foregoing acts and omissions of Barclays constitute numerous and multiple violations of the Florida Consumer Collection Practices Act (the "FCCPA").

44. Barclays authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff in violation of Florida Statute *§ 559.72* when it either knew or should have known that the alleged debt did not exist.

45. Under the provisions of Florida Statute *§ 559.72(9)*, Barclays was and is prohibited from claiming or attempting to enforce a debt or existence of some other legal right when the Defendant knows or should know it does not exist.

46. As a result of Barclay's violation of the FCCPA, the Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 per violation, and all reasonable attorney's fees and costs pursuant to *§ 559.77* from the Defendant.

47. Additionally, *§ 559.77* provides that a court may award punitive damages as well as equitable relief to the Plaintiff such as enjoining further illegal collection activity. The Plaintiff hereby reserves the right to amend their Complaint to include a claim for punitive

damages.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AS TO BARCLAY'S US ONLY
### *Section 559.72(18), Fla.Stat.*

48. The Plaintiff realleges and incorporates paragraphs 1 through 31, as if fully set forth herein.

49. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the Florida Consumer Collection Practices Act (the "FCCPA")

50. The Defendant authorized and facilitated against the Plaintiff an attempt to collect a debt from the Plaintiff in violation of Florida Statute *§ 559.72* when it either knew or should have known that the alleged debt did not exist, and that the Plaintiff was represented by an attorney.

51. Under the provisions of Florida Statute *§ 559.72(18)*, the Defendant was and is prohibited from communicating with a debtor if the Defendant knows that the Debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

52. As a result of the Defendant's violations of the FCCPA, the Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 per violation, and reasonable attorney's fees and costs pursuant to *§ 559.77* from the Defendant.

53. Additionally, *§ 559.77* provides that a court may award punitive damages as well as equitable relief to the Plaintiff such as enjoining further illegal collection activity. The Plaintiff hereby reserves the right to amend the Complaint to include a claim for punitive damages.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues that are triable.

WHEREFORE, the Plaintiff, **DIANE BAKER**, having set forth her claims for relief against **BARCLAYS US, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC.,** and **TRANSUNION, LLC**, respectfully prays of the Court as follows:

(1) That the Plaintiff is entitled to recover against the Defendants a sum to be determined by the Court in the form of actual damages;

(2) That the Plaintiff is entitled to recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

(3) That the Plaintiff is entitled to recover against the Defendants all reasonable legal fees and expenses incurred by her attorney; and

(4) That the Plaintiff is entitled to any and all further relief as the Court may deem just and prosper.

Respectfully submitted on August 14, 2024.

        MARTIN LAW FIRM, P.L.,
        By /s/ Jonathan M. Bierfeld
           Jonathan M. Bierfeld
           Florida Bar Number 68237

        3701 Del Prado Boulevard S.
        Cape Coral, Florida 33904
        (239) 443-1094 (Telephone)
        (239) 443-1168 (Facsimile)
        jonathan.bierfeld@martinlawfirm.com

        *Attorneys for Plaintiff*